Nicholas M. Wajda (Cal. Bar No. 259178)
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
(310) 997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PARKER SR., <br><br> Plaintiff, <br><br> v. <br><br> MERAGON FINANCIAL SERVICES, INC. <br><br> Defendant. | Case No.  5:21-cv-00677 <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ*.** <br><br> **2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET SEQ*.** <br><br> **JURY TRIAL DEMANDED** |

### COMPLAINT

**NOW COMES** Plaintiff, MICHAEL PARKER SR., complaining of Defendant, MERAGON FINANCIAL SERVICES INC., as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## PARTIES

5. MICHAEL PARKER SR. ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1788.2(h).

8. MERAGON FINANCIAL SERVICES, INC. ("Defendant") is a corporation organized and existing under the laws of the state of North Carolina.

9. Defendant maintains its principal place of business in Orlando, Florida.

10. Defendant is a debt collection agency that collects debts owed to third parties.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of debt owed to others.

12. Defendant is a debt collector as defined by Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

13. At some point in time, Plaintiff obtained the rights to use a timeshare.

14. Over the course of the years Plaintiff made payments towards the use of the timeshare with no interruption.

15. Due to unforeseen financial situation, Plaintiff decided to terminate the use of the timeshare.

16. Plaintiff was under the impression that there was no remaining balance regarding the timeshare.

17. Unbeknownst to Plaintiff, he received a collection letter regarding the timeshare ("subject debt").

18. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(6).

19. At some point in time, the subject debt was placed with Defendant for collection.

20. On or around March 26, 2021 Defendant mailed Plaintiff a letter in an effort to collect the subject debt ("Defendant's Letter").

21. Defendant's Letter depicted, in pertinent part, as follows:



22. Defendant's Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. Defendant's Letter did not conspicuously identify the **current creditor** as required by §1692g(a)(2) of the FDCPA.

3

24. Specifically, Defendant's Letter identified "Your Account with: LCA LOS CABOS ASSOCIATIONS".

25. Defendant's Letter did not list anything regarding an "Original Creditor" and or **Current Creditor.**

26. Accordingly, Defendant's Letter confused Plaintiff as he was unable to determine who the owner of his account with LCA Los Cabos Associations.

27. Specifically, there was no mention of the "original creditor" and or the "current creditor" or whether the debt was sold by LCA Los Cabos Associations to an unknown third party.

28. In other words, just because Defendant's letter stated "Your Account with: LCA LOS CABOS ASSOCIATIONS" was being collected on, there was no ability for Plaintiff to determine to whom the debt was owed; specifically if LCA LOS CABOS ASSOCIATION may have been the original creditor does not necessarily mean that it is also the current creditor.

29. Although Defendant's Letter identified the debt it sought to collect, it did not identify to whom the debt is currently owed to.

30. Specifically, Defendant's Letter did not identify the entity that "referred" and or "placed" the subject debt to Defendant.

31. Further obfuscating the identity of the current creditor, Defendant's Letter requested that payment be made directly to Defendant, thus raising the possibility that Defendant is the current creditor.

32. Defendant's Letter further stated that Plaintiff could write to Defendant to find out if the original creditor was different from the current creditor.

33. This language raised the possibility that the subject debt could have been sold by the true original creditor, which upon information and belief was LCA LOS CABOS ASSOCIATION, but did not clarify who actually owned the subject debt.

4

34.   Accordingly, Defendant's Letter rendered it impossible for Plaintiff to determine whether LCA LOS CABOS ASSOCIATION, Defendant, or an unknown third party was the current creditor to whom the subject debt is owed to.

## DAMAGES

35.   Due to Defendant's failure to identify the current creditor, Plaintiff did not make a payment on the subject debt as the omission of the identity of the current creditor rendered it impossible for Plaintiff to determine whom he is ultimately paying.

36.   This uncertainty resulted in an appreciable risk of harm to Plaintiff because his decision not to pay, which was driven by the confusion pertaining to the owner of the subject debt, raised the risk of imminent adverse credit reporting of the subject debt by the owner of the subject debt, who is presently unknown.

37.   There is no question that having information regarding the entity that Plaintiff was indebted to is of substantive value and material to Plaintiff's financial affairs. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ...").

38.   Without this critical information, Plaintiff ran the risk of making payment to an unknown entity and having his payment swallowed into a black hole.

39.   The value of receiving unambiguous and complete information about one's financial affairs—and the ill effects of receiving ambiguous or misleading information—may be hard to quantify, but it is nevertheless a concrete harm. *See Haddad v. Midland Funding, LLC*, 255 F. Supp. 3d 735, 739 (N.D. Ill. 2017).

40.   Based on the foregoing, Plaintiff was deprived of his right to receive critical information required by the FDCPA and was harmed as a result thereof.

## CLAIMS FOR RELIEF

# COUNT I:
## Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)
### (On behalf of Plaintiff and the Members of the Putative Class)

41. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violations of 15 U.S.C. § 1692g

42. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

   (1) the amount of the debt;

   (2) **the name of the creditor to whom the debt is owed**;

   (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

43. Section 1692g of the FDCPA requires debt collectors to make certain critical disclosures to consumers, including the identity of the current creditor.

44. Defendant violated 15 U.S.C. §1692g by failing to adequately provide Plaintiff with the disclosures required by the FDCPA.

6

45. Specifically, Defendant violated §1692g(a)(2) by failing to identify the entity to whom the subject debt is currently owed to.

46. As set forth above, Defendant's Letter rendered it impossible for Plaintiff to decipher whom the debt is currently owed to. *Steffek v. Client Services, Inc.,* 948 F.3d 761, 763 (7th Cir. 2020) ("Regardless of who then owned the debts, the question under the statute is whether the letters identified the then-current creditor clearly enough that an unsophisticated consumer could identify it without guesswork").

47. As set forth above, Defendant's Letter was highly confusing and impacted Plaintiff's decision to pay the subject debt, which resulted in concrete harm to Plaintiff as set forth above.

48. Assuming that LCA LOS CABOS ASSOCIATIONS is in fact the creditor to whom the debt is owed, Defendant's Letter is still deficient because "[t]he mere presence of the correct name in the notice somewhere does not suffice." *Steffek,* 948 F.3d at 765.

**WHEREFORE**, Plaintiff, requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §1692g(a)(2);

B. an award of statutory damages in the amount of $1,000 to Plaintiff;

C. an award to Plaintiff for his reasonable attorney's fees and costs; and

D. any further relief this Honorable Court deems just and proper.

**COUNT II:**
**Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq*.)**

49. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violations of Cal. Civ. Code § 1788.17**

50. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

51. As pled above, Defendant violated 15 U.S.C. §1692g(a)(2), therefore violating Cal. Civ. Code §1788.17.

**WHEREFORE**, Plaintiff, requests the following relief:

A. a finding that Defendant violated Cal. Civ. Code § 1788.17;

B. an award of statutory damages in the amount of $1,000 to Plaintiff;

C. an award to Plaintiff for his reasonable attorney's fees and costs; and

D. any further relief this Honorable court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: April 16, 2021                             Respectfully submitted,

                                                 MICHAEL PARKER SR.

                                                 By: /s/ *Nicholas M. Wajda*

                                                 Nicholas M. Wajda, Esq.
                                                 **WAJDA LAW GROUP, APC**
                                                 6167 Bristol Parkway
                                                 Suite 200
                                                 Culver City, CA 90230
                                                 (310) 997-0471
                                                 nick@wajdalawgroup.com